FARMERS AND MERCHANTS BANK *v.* COMMERCIAL BANK.

Banks and Banking—Bank Agreeing to Pay Draft With Bill of Lading Attached Was Not Liable Where Bill of Lading Was Not Attached.

> Where a bank agreed to pay a draft with express receipt attached for a carload of berries, but when the shipment was made the bill of lading was not attached to the draft so that the bank could protect itself, and delivery was made to the consignee, who refused to accept the berries and pay the draft, the bank was not liable under said agreement (U. S. Comp. Stat. §§ 8604*n*–8604*p*).

Case-made from Menominee; Bell (Frank A.), J. Submitted June 19, 1928. (Docket No. 34, Calendar No. 33,791.) Decided October 1, 1928.

Assumpsit by the Farmers and Merchants Bank against the Commercial Bank for the amount of a draft. Judgment for plaintiff. Defendant brings case-made. Reversed.

*George Barstow,* for appellant.

*Kenneth O. Doyle,* for appellee.

Potter, J. J. C. Bauer, of Judsonia, Arkansas, negotiated with Carpenter Cook Company of Menominee, Michigan, to sell it a carload of strawberries. He required, before shipment, that a Menominee bank undertake that he be paid. Defendant wired plaintiff May 22, 1922, as follows:

"Will pay draft Bauer express receipt attached

car strawberries to Carpenter Cook Company at $2.25 per case.

(Signed) "COMMERCIAL BANK OF MENOMINEE."

Bauer shipped a car of strawberries on straight bill of lading and drew a sight draft on Carpenter Cook Company of Menominee as follows:

"Farmers and Merchants Bank,
    "Judsonia, Ark., May 24, 1922.
"Pay to the order of Farmers & Merchants Bank, Judsonia, Ark. $945.00 nine hundred forty-five dollars.
"M. K. & T. No. 1226–420 0/ Berries
                             "J. C. BAUER.
"To Carpenter Cook Co.
"Menominee, Mich."

This draft was deposited with plaintiff and the account of J. C. Bauer credited with $945. Upon the arrival of the carload of strawberries in Menominee it was delivered to the Carpenter Cook Company which claimed the strawberries were not as represented, whereupon defendant wired plaintiff as follows:

"Menominee, Mich., May 31, 1922.
"Farmers & Merchants Bank, Judsonia, Ark.
"Payment refused yours twenty-fourth Bauer on Carpenter Cook earlier billing shipment delivered with the bill of lading quality poor protect yourself.
        "COMMERCIAL BANK OF MENOMINEE."

And on the same day wrote a letter to plaintiff as follows:

"THE COMMERCIAL BANK OF MENOMINEE.
        "Menominee, Michigan, May 31, 1922.
"Farmers & Merchants Bank,
"Judsonia, Ark.
"*Gentlemen:* We are returning herewith your letter of May 24th, being a draft on the Carpenter Cook

Co. by J. C. Bauer for $945. This draft was undoubtedly drawn under our authorization of May 22d as follows:

" 'We will 'pay draft Bauer—express receipt attached—car strawberries to Carpenter Cook Company at $2.75 per case.'

"The part of our instructions which required the attaching of an express receipt which would give us control of the shipment was evidently overlooked because this car was shipped direct to Carpenter Cook Company and delivered to them without the express receipt which was attached to the draft which seems to have been unnecessary under the method of billing used.

"Upon receiving and opening the car the Carpenter Cook Company found that most of the berries were spoiled and refused to pay the draft. Because of the fact that the shipment was made in such a way that it was possible for them to secure delivery without taking up the express receipt, we feel that we must disclaim any responsibility.

"Yours very truly,

"Cashier."

There was judgment for defendant. A motion for a new trial was made and granted, and later judgment for plaintiff entered and the case is here upon case-made.

The defendant claims the first telegram of the defendant bank was too indefinite and uncertain to create liability; that plaintiff did not present to defendant for payment such draft as was set forth in defendant's promise; that plaintiff did not present with its draft such express receipt as was required by defendant's promise; that it was beyond the power of defendant to bind itself to pay the draft in question; and that the implied requirement of defendant's agreement to accept a draft for a

car of strawberries to Carpenter Cook Company was not fulfilled.

The fair purport of defendant's telegram of May 22d shows that it would pay for the shipment of a carload of strawberries provided the shipment was made on order bill of lading to be attached to the draft on defendant bank. If the strawberries had been shipped on an order bill of lading and draft forwarded to the defendant bank for collection with the bill of lading attached thereto, as required by defendant's telegram, the defendant bank would have been a holder thereof in due course and an obligation would have been imposed upon the railroad company to hold possession of the car of berries for the holder of the bill of lading in accordance with its terms. Sections 8604$n$ to 8604$p$, United States Compiled Statutes 1916.

The bank would have had security and could have protected itself from loss, at least to the extent of the value of the shipment. The shipper did not comply with the terms of this telegram. Defendant is not liable. Plaintiff's right of action, if any, is against the Carpenter Cook Company.

Judgment reversed, with costs.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.